IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY PAUL KOFFMAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-01496 |
| ) | Judge Aleta A. Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

Before the court is Larry Paul Koffman's Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 1), seeking to vacate the sentence entered upon his 2005 criminal conviction in *United States v. Koffman*, No. 3:03-cr-00171 (M.D. Tenn. Feb. 23, 2005) (Judgment, Doc. No. 99) (Wiseman, S.J., retired).[1] Koffman argues that he is entitled to resentencing under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. For the reasons set forth below, Koffman's motion will be denied.

I.  **PROCEDURAL BACKGROUND**

On September 10, 2003, Koffman was indicted on two charges of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Counts 1, 4); two counts of using or carrying a firearm during and in relation to a crime of violence, under 18 U.S.C. § 924(c) (Counts 2, 5); and two counts of being a previously convicted felon in possession of a firearm (Counts 3, 6). (Crim. Doc. No. 10.)

---

[1] References to the criminal case record will hereafter be designated as "Crim. Doc. No. __."

...

In November 2004, Koffman pleaded guilty to Counts 4, 5, and 6 of the Indictment, and the government voluntarily dismissed Counts 1, 2, and 3. (Crim Doc. No. 73.) He was sentenced on February 23, 2005 to 57 months on Counts 4 and 6, to run concurrently, and 84 months on Count 5, to run consecutively. (Crim. Doc. No. 79.) His subsequent appeal was dismissed on the grounds that he had knowingly and voluntarily waived his right to appeal. *United States v. Koffman*, No. 05-5570 (6th Cir. Sept. 21, 2005). (Crim. Doc. No. 88.)

His § 2255 motion was filed, through counsel, on June 22, 2016. (Doc. No. 1.) The government responded (Doc. No. 5), and the movant, through counsel, filed a Reply (Doc. No. 7). Because Judge Wiseman had retired, the motion was assigned to Judge William J. Haynes, Jr. Following the retirement of Judge Haynes, the case was reassigned to the undersigned.

## II. LEGAL STANDARD

The movant brings this action under 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A motion under § 2255 is ordinarily subject to a one-year statute of limitations, running from the date the underlying conviction became final. 28 U.S.C. § 2255.

## III. ANALYSIS

Koffman argues, based on *Johnson*, that he is entitled to resentencing because: (1) his offense level was increased under U.S.S.G. § 2K2.1(a)(4)(A) based on a prior conviction that can no longer be considered a "crime of violence" under the definition of that term in the "now unconstitutional residual clause" of U.S.S.G. § 4B1.2(a)(2) (Doc. No. 1, at 2); and (2) he is entitled to resentencing on the § 924(c) offense (Count 5), based on which the court was required to sentence him to a mandatory consecutive sentence of seven years, because the definition of a "crime of violence" in § 924(c)(3)(B) is likewise void for vagueness. The government argues, in response, that armed bank robbery qualifies as a crime of violence regardless of whether the residual clauses in § 4B1.2(a)(2) or § 924(c)(3)(B) are unconstitutional.[2]

The legal landscape has changed substantially since the filing of Koffman's motion, but he is not entitled to relief.

### A. Count 5 and § 924(c)

Federal law imposes a mandatory minimum sentence upon any person who, "during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). In Koffman's case, he "brandished" the firearm, which required a mandatory consecutive sentence of seven years. *Id.* § 924(c)(1)(A)(ii). Section 924(c)(3) defines "crime of violence" as an offense that is a felony and either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(A); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," *id.* § 924(c)(3)(B). Subsection (A) is known as the "elements" or "use-of-force" clause, and subsection (B) is referred to as the "residual" clause.

---

[2] The government does not argue that Koffman waived his ability to bring this motion.

Koffman argues that his conviction on Count 5 and the increased sentence imposed under § 924(c) rely on a definition of "crime of violence" that is materially indistinguishable from the definition of "violent felony" in the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which the Supreme Court struck down as unconstitutionally vague in *Johnson*, 135 S. Ct. at 2563. He contends that, as a result, his federal armed bank robbery conviction no longer qualifies as a predicate crime of violence. (Doc. No. 1, at 2.)

The ACCA mandates a minimum fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Similar to the definition of "crime of violence" in § 924(c)(3)(B), the ACCA's residual clause defines "violent felony" as any crime that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court held that the ACCA's residual clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges" and, therefore, that "[i]ncreasing a defendant's sentence under the clause denies due process of law." 135 S. Ct. at 2557. The Supreme Court very recently held that the same rationale applies to the residual clause in § 924(c)(3)(B) and that § 924(c)(3)(B) is likewise void for vagueness. *United States v. Davis*, 139 S. Ct. 2319, 2324, 2336 (June 24, 2019).

*Davis*, however, does not come to Koffman's aid, because armed bank robbery under 18 U.S.C. § 2113(a) and (d) clearly qualifies as a crime of violence under § 924(c)(3)(A). *See United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018) ("A necessary element of bank robbery is the use of 'force and violence' or 'intimidation.' And intimidation is all it takes to satisfy § 924(c)(3)(A)'s elements clause, which defines crimes involving the 'threatened use of physical force' as crimes of violence." (quoting 18 U.S.C. § 2113(a); *United States v. McBride*,

826 F.3d 293, 296 (6th Cir. 2016) (construing identical language in U.S.S.G. § 4B1.2(a)(1))), *abrogated on other grounds by Davis*, 139 S. Ct. at 2336.

In short, Koffman's armed bank robbery conviction constitutes a "crime of violence" under § 924(c)(3)(A). Neither *Johnson* nor *Davis* affects him, and he is not entitled to resentencing on Count 5.

### B. Count 6 and the § 2K2.1 Enhancement

Koffman also pleaded guilty to being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The guideline that applied to the computation of his sentence was U.S.S.G. § 2K2.1(a)(4)(A), which provided an increased base offense level if the defendant committed the offense subsequent to a prior felony conviction for a crime of violence. The term "crime of violence" used in § 2K2.1 was then defined by § 4B1.2 as a felony that "has as an element the use, attempted use, or threatened use of physical force," § 4B1.2(a)(1), is an offense enumerated in the provision, or "otherwise involves conduct that presents a serious potential risk of physical injury to another," § 4B1.2(a)(2). Koffman argues that the definition in § 4B1.2(a)(2) in effect at the time of his sentencing is virtually identical to that found in §§ 924(e)(2)(B)(ii) and 924(c)(3)(B) and is, therefore, constitutionally vague.

The Supreme Court has expressly rejected that argument, finding that the sentencing guidelines, being advisory, are not subject to a vagueness challenge. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Because Koffman was sentenced after *Booker* went into effect, the guidelines were advisory rather than mandatory, and *Johnson* provides no relief with respect to the calculation of his recommended sentence under the guidelines. Moreover, the offense that led to the application of § 2K2.1(a)(4)(A) was federal bank robbery, which qualifies as a crime of violence under § 4B1.2(a)(1). *See McBride*, 826 F.3d at 296. Thus, the residual clause of § 4B1.2(a)(2) did not affect the calculation of Koffman's guideline range.

**IV.    CONCLUSION**

For the reasons set forth herein, Koffman's § 2255 motion will be denied.

The court will also decline to enter a certificate of appealability in this case. The Rules Governing § 2255 Proceedings require that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Gov'g § 2255 Proceedings. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, the movant must make a substantial showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, because no reasonable jurists would debate this court's disposition of Koffman's § 2255 motion, the court declines to issue a certificate of appealability.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge